**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHAKIYA D. KENNEY,<br><br>Plaintiff,<br><br>v.<br><br>DAVID E. COOK LAW OFFICE, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:26-cv-00365<br><br>(SAPORITO, J.) |

## ORDER

This federal civil rights action was commenced upon the filing of a *pro se* complaint by the plaintiff, Shakiya D. Kenney, on February 13, 2026. Doc. 1. On February 18, 2026, Kenney was granted leave to proceed *in forma pauperis* in this action. Doc. 4. On February 20, 2026, she filed a *pro se* amended complaint, which remains the operative pleading in this matter. Doc. 5. In that pleading, she claims that the defendants have unlawfully deprived her of her parental rights, and she seeks an order directing the return of her three minor children to her custody, as well as an award of monetary damages.

Earlier today, October 23, 2026, Kenney filed a motion for a temporary restraining order and preliminary injunction, seeking an

emergency order enjoining her unidentified neighbors from harassing her, bullying her, or making noise complaints or otherwise reporting her to property management or police, enjoining her landlord and its employees from evicting her or telling her to move, and enjoining local police from telling her to move her residence or her "music enterprise" operations elsewhere. None of these several individuals or entities are parties named in the operative pleading. None of the activities described in the plaintiff's pro se motion papers relate in any way to the poorly articulated claims set forth in her amended complaint.

As the Third Circuit has held, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010) (per curiam) (internal quotation marks omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in

question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *De Beers*, 325 U.S. at 220); *Dopp v. Jones*, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing *De Beers*, 325 U.S. at 220) (footnote omitted).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The plaintiff's pro se motion for a temporary restraining order and preliminary injunction (Doc. 22) is **DENIED**; and

2. This matter is **REMANDED** to United States Magistrate Judge Sean A. Camoni for further pretrial proceedings.

Dated: October 23, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge